SEP 19 2025 PM2:22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:25-cr-461-JSM-AEP

KEVIN CHARLES LUKE

18 U.S.C. § 793(e)
(Unauthorized Transmission of
National Defense Information)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Unauthorized Transmission of
National Defense Information)

### A. Introduction

1. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States government that was classified as follows:

   a. Information was classified as TOP SECRET if the unauthorized disclosure of the information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

    b. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

    c. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

2. Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need to know" the classified information. Classified information could only be stored in an approved facility and container.

3. At all times relevant to this Information, the defendant, KEVIN CHARLES LUKE, was a government civilian employee at U.S. Central Command (CENTCOM) who held a TOP SECRET U.S. Security clearance.

### B. The Crime

4. On or about October 1, 2024, in the Middle District of Florida, and elsewhere, the defendant,

KEVIN CHARLES LUKE,

having unauthorized possession of, access to, and control over a document and writing relating to the national defense, did willfully communicate and transmit the document and writing to an individual not entitled to receive it, that is, the defendant took a photograph of an email containing information about planned U.S. military operations that was marked as classified at the SECRET level, and sent that photograph by text message to a woman he had met online not entitled to receive it.

In violation of 18 U.S.C. § 793(e).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 793(h)(1).

2. Upon conviction of a violation 18 U.S.C. § 793, the defendant

KEVIN CHARLES LUKE,

shall forfeit to the United States, pursuant to 18 U.S.C. § 793(h)(1), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, from any foreign government, or any faction or party or military or naval force within a foreign country, whether recognized or unrecognized by the United States, as the result of such violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 793(h)(3).

GREGORY W. KEHOE
United States Attorney

By: _____
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

By: _____
Leslie Esbrook
Trial Attorney
Counterintelligence and Export Control Section
National Security Division

By: _____
Lindsey Schmidt
Assistant United States Attorney